**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **RITA F. MARTIN,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    **CIV-06-11-R** |
| | ) |
| **JO ANNE B. BARNHART,** | ) |
| | ) |
|     **Defendant.** | ) |

**O R D E R**

Before the Court are the Findings and Recommendation of United States Magistrate Judge Shon T. Erwin entered November 28, 2006 [Doc. No. 17] and Plaintiff's Objection filed December 18, 2006 [Doc. No. 18]. The Magistrate Judge recommended that the decision of the Commissioner of Social Security denying Plaintiff's application for disability insurance benefits be affirmed. Plaintiff objects, asserting that the Magistrate Judge incorrectly found that the ALJ accounted for all of Plaintiff's conditions or limitations in his RFC. In this regard, Plaintiff states that the ALJ's mere discussion of Plaintiff's conditions and summarization of the medical treatment for them and observations of physicians "does not indicate that the conditions were taken into consideration when the RFC was determined." Secondly, Plaintiff reiterates that the ALJ erred by not properly assessing Plaintiff's credibility and asserts that "[t]he Magistrate even admitted that the ALJ's determinations were lacking in meaning, agreeing that the ALJ mentions only that claimant takes pain medication without discussing dosages or possible side effects." Plaintiff states

that "[t]he ALJ also failed to indicate how the pain medication supported claimant's allegations of chronic and severe pain."

Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Findings and Recommendation of the Magistrate Judge *de novo* in light of Plaintiff's objections.

Plaintiff essentially asserts that the ALJ's RFC Assessment did not take into account the facts that Plaintiff "has demonstrated a positive Tinel's sign and has been diagnosed with the beginning of carpal tunnel syndrome, the opinions of treating doctors at Health South regarding Plaintiff's degenerative joint disease in her shoulders and hands" and Plaintiff's "morbid obesity and its impact on her other ailments . . . ." Plaintiff's Objection at p. 1. The only mention in the Administrative Record of carpal tunnel syndrome is in the office note of Carl Griffin, M.D. dated January 20, 1999, noting that a Dr. Bill Schnitz said that Plaintiff had right carpal-tunnel syndrome. A.R. at 285. The Court has not located any medical record indicating Plaintiff had a positive Tinel's sign and Plaintiff has posited no specific physical or nonexertional limitation imposed thereby. The ALJ obviously considered Plaintiff's obesity as he questioned Plaintiff about her height and weight at the hearing and specifically noted that Plaintiff's weight was down from where it had been. A.R. at 397 (Tr. at 8). Although the ALJ did not specifically mention Plaintiff's weight or obesity in his Decision, Plaintiff did not claim that she was disabled due in part to her obesity and records and opinions of her treating physicians contain no evidence or findings of functional limitations due to Plaintiff's weight or the impact Plaintiff's weight had on Plaintiff's conditions. The ALJ did note a state disability determination services consulting physician's

opinion that Plaintiff was "significantly obese" and that this seemed to limit the range of motion in Plaintiff's back. *See* Decision at 4 (A.R. at 17) and A.R. at 236. Moreover, the ALJ specifically observed that Plaintiff "sat well and did not appear to be in any pain or discomfort during the hearing." Decision at p. 6. The Court has located no medical finding or diagnosis of degenerative joint disease in Plaintiff's shoulders and hands. Indeed, x-rays taken of Plaintiff's right shoulder on February 6, 2003, after Plaintiff complained of pain in that shoulder revealed an unremarkable or normal shoulder. *See* A.R. at 232. Plaintiff had full range of motion in both shoulders, elbows, hands and fingers as of January 21, 2004. *See* A.R. at 236. And although the Health South Rehabilitation Hospital of Texarkana Discharge Summary dated June 1, 2003, lists "Degenerative joint disease in bilateral shoulders" and "bilateral hands" among the "Discharge Diagnoses," A.R. at 189, there are no objective x-ray or physical findings which would support that diagnosis in the Administrative Record nor are there any medical opinions or findings indicating that any degenerative joint disease Plaintiff may have limits her range of motion, ability to lift and grasp objects, etc. Accordingly, the Court concludes that the ALJ did not err by failing to take account of all of Plaintiff's limitations in formulating the Plaintiff's RFC and that the ALJ did not err in failing to account for opinions of Plaintiff's treating physicians at Health South. Nor did the Magistrate Judge err in concluding that the ALJ formulated an RFC assessment which included all of Plaintiff's limitations.

      With respect to Plaintiff's credibility, the Court agrees with the Magistrate Judge that the ALJ properly assessed it and "followed the dictates of *Kepler* [*v. Chater*, 68 F.3d 387

(10th Cir. 1995)] by providing an adequate discussion of the evidence which linked specific evidence to his findings (Tr. 18-19)." Findings and Recommendation of Magistrate Judge at p. 7. "Kepler does not require a formalistic factor-by-factor recitation of the evidence." *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). Like the Magistrate Judge, the Court is of the opinion that it would have enhanced the ALJ's analysis if he had discussed the dosages, effectiveness and side effects of Plaintiff's medications, *see* Recommendation and Findings at pp. 7-8; however the medical records and other reports included in the Administrative Record are largely inadequate to allow for meaningful findings and discussion. In summary, none of Plaintiff's physicians provided explicit confirmation of disabling pain and the ALJ's credibility determination is supported by substantial evidence in the Administrative Record.

In accordance with the foregoing, the Findings and Recommendation of the Magistrate Judge [Doc. No. 17] are ADOPTED and the decision of the Commissioner of the Social Security Administration is AFFIRMED.

**It is so ordered this 10th day of January, 2007.**

*[signature: David L. Russell]*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE